United States District Court
Southern District of Texas
**ENTERED**
May 10, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JENNIFER DOOHAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-01467 |
| | § | |
| EXXONMOBIL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion for Summary Judgment filed by Defendants ExxonMobil Research & Engineering ("EMRE") and Exxon Mobil Corporation ("ExxonMobil"). Dkt. 25. Plaintiff Jennifer Doohan ("Doohan") has responded (*see* Dkt. 26), and Defendants have replied. *See* Dkt. 28. Having reviewed the parties' briefing, the record, and the applicable law, I recommend that Defendants' Motion for Summary Judgment (Dkt. 25) be **GRANTED**.

## BACKGROUND

ExxonMobil hired Doohan as a Research Technician in 2016. In 2018, Doohan moved into a new role as a Technology Portfolio Analyst. Her "duties consisted of data analysis and using Tableau, a data visualization tool, to create dashboards for internal ExxonMobil customers." Dkt. 25 at 11. One of those customers was EMRE, a wholly owned subsidiary of ExxonMobil. In July 2018, Doohan gave birth to her first child and took parental leave, returning to work in October 2018. On January 1, 2019, Carrie Jasek ("Jasek") became Doohan's supervisor. On August 8, 2019, Doohan was rated in the bottom third of her peer group for the 2018–2019 performance assessment period.

In January 2020, Doohan informed Jasek that she was pregnant with her second child. In May 2020, Doohan went into labor early and was hospitalized and put on medical leave until the birth of her child. Doohan was not medically cleared

to return to work without limitations until August 17, 2020. On October 10, 2020, Doohan asked Jasek if she could return to work part-time. After consulting with HR, Jasek informed Doohan that the group could not accommodate a part-time employee.

While Doohan was out on medical leave, ExxonMobil commenced its 2019–2020 performance assessment period. The performance assessment process begins in March/April each year. Employees are assessed on both their absolute performance as well as their performance relative to their peers. Placement of employees into performance assessment categories is done by committee, and no one individual can assign an employee to a particular performance assessment category. ExxonMobil explains these categories and their effect:

> Performance assessment categories vary depending on job classifications. The Company classifies many non-exempt positions as Operations, Clerical, and Administration ("OCA"), while many exempt positions are classified as Executive, Management, Professional, or Technical ("EMPT"). Doohan was classified as an OCA employee until January 1, 2019, at which point she was promoted to an EMPT employee. OCA employees have their performance assessed as an A, B, C, or D relative to their peers. EMPT employees are assessed relative to their peers in one of seven categories ranging from Outstanding With Distinction (the highest) to Needs Significant Improvement ("NSI") (the lowest).

> Pursuant to Company process, when an EMPT employee is assessed as NSI relative to his or her peers, the employee is placed into Management of Lower Relative Performance ("MLRP"). As part of MLRP, the employee is offered the option to continue working on a Performance Improvement Plan ("PIP") or to stop actively working but still continue receiving his or her salary and outplacement services for a designated period of time after which they resign ("Pay in Lieu" or "PIL"). Employees under the age of 40 who are placed into MLRP have seven days to consider whether to elect the PIP or the PIL.

> Importantly, employees placed into MLRP must select one of the options provided to them by the expiration of the seven-day period. Should they fail to do so, the default option is the PIP. In other words, the only way for an employee placed into MLRP to continue working at ExxonMobil is to do so on a PIP. Employees who refuse both the PIP and PIL are separated.

Dkt. 25 at 14–15 (citations omitted).

Doohan worked for the entirety of the April 2019–March 2020 performance assessment year and was evaluated for her performance during that period. Doohan's group held its assessment meeting on June 16, 2020. The committee assessed Doohan as NSI, the lowest category. Because of her NSI assessment, Doohan was placed into MLRP. The MLRP guidelines state that, for employees on leave, "presentation of MLRP options to the employee will be deferred until the employee returns from leave." Dkt. 28 at 8. On November 17, 2020, Doohan returned to work and was given the option to take the PIL or PIP.

Doohan corresponded with Meghan Hasson ("Hasson") from HR regarding her options. On November 24, 2020—the deadline for Doohan to elect PIL or PIP—Doohan sent Jasek and Hasson the following email:

> Hi Carrie/Meghan,
>
> I have left the laptop, badge, and keys in the office (2214).
>
> If I need to do anything else please email me at Jendoohan25@gmail.com (I've also Cc'ed myself) or text me at 585-747-1875.
>
> I will greatly miss Tech. Guidance as well as my ExxonMobil family.
>
> **Jen M. Doohan**
> Planning Analyst
> Technology Guidance Department
>
> **ExxonMobil Chemical Company**
> 4500 Bayway Drive
> Baytown, TX 77520
> 346 259 5275 Tel

Dkt. 25-1 at 255. Hasson responded:

> On Tue, Nov 24, 2020 at 2:57 PM Hasson, Meghan C <meghan.c.hasson@exxonmobil.com> wrote:
>
> Jennifer,
>
> I am a bit confused by your note. Does this mean you have reached a decision as to PIP, PIL or to resign with no form of payment?
>
> If you wish to remain on payroll for the next three months, I must have the signed waiver. Please let me know. Thank you!
>
> Meghan H.

*Id.* at 254. Doohan responded that she "was under the impression that if [she] didn't sign [she] would be immediately terminated." *Id.* Doohan said that if that was not the case, then she would be in the next day. *See id.* Hasson clarified:

> **From:** Hasson, Meghan C
> **Sent:** Wednesday, November 25, 2020 6:59 AM
> **To:** j d <jendoohan25@gmail.com>
> **Cc:** Doohan, Jennifer <jennifer.m.doohan@exxonmobil.com>; Jasek, Carrie S <carrie.s.jasek@exxonmobil.com>
> **Subject:** RE: My Stuff
>
> Jen,
> I am sorry for the confusion I caused. If you do not sign, we automatically revert to the PIP. If however you do not wish to do the PIP, then you are considered to have resigned.
>
> If you choose not to sign the Waiver and Release, then you have resigned without outplacement service or the 3 months on payroll without working. This is your decision but I wanted to make sure I understood your choice before I enter anything into SHARP. I did not want to take you off payroll if that was not your intent.
>
> Please confirm.
>
> Meghan H.

*Id.* Doohan replied: "Ok, no I do NOT want to resign. Thanks for the clarification." *Id.* at 253. Hasson again sought clarification:

> **From:** Hasson, Meghan C
> **Sent:** Wednesday, November 25, 2020 7:10 AM
> **To:** Doohan, Jennifer <jennifer.m.doohan@exxonmobil.com>
> **Cc:** Jasek, Carrie S <carrie.s.jasek@exxonmobil.com>
> **Subject:** RE: My Stuff
>
> Ok, so to be clear, you are going to take the Performance Improvement Plan (PIP) option?
> I am still confused with why you left your laptop and badge at the office. Are you planning to return to the office after the holiday to do the PIP?
>
> Meghan H.

*Id.* Doohan replied: "This is NOT a resignation and I decline to sign the PIP or PIL." *Id.* With this unequivocal statement, Hasson replied that "this IS considered

4

a resignation from the company." *Id.* Doohan's employment was terminated effective November 26, 2020.

On February 9, 2021, Doohan filed a Charge of Discrimination with the EEOC against one entity: EMRE. No EEOC charge was ever filed against ExxonMobil. In her EEOC charge, Doohan stated that she "was discriminated against because of [her] disability as defined under the Americans with Disabilities Amendment Act." Dkt. 25-1 at 397. The only box checked on the form was the box for "disability":

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | | Earliest: 11-17-2020 Latest: 11-25-2020 |
| ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION | | |
| ☐ OTHER (Specify) | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I feel since I returned from my approved medical leave of absence due to my pregnancy I have been subjected to unfair and unethical employment practices. I was approved a medical leave of absence from May 7th through November 17, 2020. Prior to my leave of absence there was no indication of any performance issues with my work and was given great positive reviews. Upon my return from the approved medical leave I was singled out for a PIP/PIL. On November 25, 2020, I was laid off.

I was told there were some data inaccuracy, issues with my presentations and not outreaching enough, which I deny. I was told by Respondent that the PIP/PIL will be made hard for me to successfully make the three months deadline therefore, I feel the PIP was purposely made for me to fail. Respondent laying me off is pretext for discrimination.

I believe I was discriminated against because of my disability as defined under the Americans with Disabilities Amendment Act.

*Id.*

On May 3, 2021, Doohan initiated this action against EMRE only, asserting claims of sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), disability discrimination under the Americans with Disabilities Act ("ADA"), retaliation, and failure to accommodate under the ADA. On June 11, 2021, Doohan amended her complaint only to add ExxonMobil as a defendant. Defendants have summarized Doohan's allegations as follows:

> (1) In January 2020, Jasek allegedly told Doohan that she returned to work early from parental leave.
>
> (2) On May 14, 2020, MOH declared Doohan unfit to work in response to her doctor's recommendation that she could only work from the hospital for one day a week, four hours a day due to pregnancy complications.

(3) On October 10, 2020, Jasek, after consulting with HR, told Doohan that their group was unable to approve Doohan's request to return to work as a part-time employee.

(4) Her assessment of NSI for the 2020 performance assessment year.

(5) Jasek treated Connie Qian more favorably because (i) Qian was invited to meetings that Doohan was not invited to; (ii) Jasek spoke positively about Qian; and (iii) Jasek and Qian talked more personally.

(6) Doohan was separated from ExxonMobil effective November 24, 2020, because she rejected the PIP.

Dkt. 25 at 22–23 (cleaned up).

## LEGAL STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). At the summary judgment stage, a district court must resolve all factual controversies in favor of the non-moving party. *See Squyres v. Heico Cos.*, 782 F.3d 224, 230 (5th Cir. 2015). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Est. of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). Defendants initially bear the burden of demonstrating that there is no genuine dispute of material fact, and they carry that burden if they can demonstrate that Doohan has failed to prove "an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If Defendants meet their burden, Plaintiff "must point to specific facts showing that there is a genuine dispute for trial." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (cleaned up). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting FED. R. CIV. P. 1).

## ANALYSIS

**A.    EMRE WAS NOT DOOHAN'S EMPLOYER**

Defendants argue that "[s]ummary judgment in favor of EMRE is proper because—as even Doohan admits—it did not employ Doohan." Dkt. 25 at 24. Doohan does not respond to this argument at all. Because Doohan "fails to properly address" ExxonMobil's assertion that EMRE was not her employer, I "consider the fact [that EMRE did not employ Doohan] undisputed for purposes of [Defendants' summary judgment] motion." FED. R. CIV. P. 56(e)(2). Doohan also does not argue that EMRE and ExxonMobil represent a "single, integrated enterprise," such that they can be treated as one employer. *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997) (quotation omitted). Accordingly, EMRE is not a proper defendant and summary judgment must be awarded in its favor.

**B.    DOOHAN FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AGAINST EXXONMOBIL**

ExxonMobil argues that Doohan's failure to name ExxonMobil in her EEOC charge precludes her from bringing this lawsuit against the company. I agree.

In employment discrimination and retaliation cases brought under federal employment statutes, a plaintiff must exhaust all administrative remedies in front of the EEOC before pursuing her claims in federal court. *See Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018) ("Before seeking relief in federal court, Title VII plaintiffs must exhaust their administrative remedies."); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA."). It follows, as a general rule, that "a party not named in an EEOC charge may not be sued under Title VII [or the ADA]." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quotation omitted).

It is undisputed that ExxonMobil is not named as a respondent in the EEOC charge filed by Doohan. In fact, ExxonMobil's name is not mentioned a single time

in the one-page EEOC charge. The EEOC charge identifies EMRE, and no other entity, as the employer that allegedly discriminated against Doohan.

The Fifth Circuit has recognized two limited exceptions to the naming requirement. First, a failure to name a party in an EEOC charge may be excused if the party had actual notice of the EEOC charge and an opportunity to participate in conciliation. *See Simbaki*, 767 F.3d at 483–84. Second, entities not named in an EEOC charge may still face suit if they share an "identity-of-interest" with an entity named in the EEOC charge. *See id.* at 484.

Neither exception helps Doohan salvage her Title VII and ADA claims against ExxonMobil. As far as the first exception is concerned, Doohan has presented no summary judgment evidence suggesting that ExxonMobil had actual notice of the EEOC charge or an opportunity to participate in conciliation. Turning to the second exception, Doohan does not make any effort to claim that there is sufficient identity-of-interest between EMRE and ExxonMobil such that ExxonMobil "could be sued in court despite not being named in the charge." *Simbaki*, 767 F.3d at 482. As I have previously noted: "The mere existence of a parent-subsidiary relationship between ExxonMobil and [EMRE] is simply not enough, as a matter of law, to impute knowledge of the EEOC charge to [ExxonMobil] as the unnamed party." *Reuter v. XTO Energy, Inc.*, No. 4:20-CV-01474, 2022 WL 784474, at *4 (S.D. Tex. Mar. 15, 2022).

Doohan advances several arguments as to why her failure to name ExxonMobil in the EEOC charge should be excused. None are persuasive. First, Doohan contends that ExxonMobil has somehow waived the argument that Doohan failed to exhaust her administrative remedies by "respond[ing] fully to all of Plaintiff's claims" in the Motion for Summary Judgment. Dkt. 26 at 13. This argument is silly. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation omitted). Defendants filed a Motion for Summary Judgment that advanced a number of alternative arguments as to why this case should be dismissed.

8

Defendants put it best: "Arguing alternative means for dismissal is not a waiver of the [exhaustion argument]." Dkt. 28 at 3 n.2.

Second, Doohan claims that ExxonMobil should be estopped from arguing that she failed to exhaust her administrative remedies because ExxonMobil "respond[ed] fully in its Motion [for Summary Judgment] to Plaintiff's claims." Dkt. 26 at 13. This argument, like Doohan's waiver argument, also goes nowhere. Estoppel only applies if a defendant "concealed facts or misled the plaintiff, and thereby caused her not to assert her rights." *Williams v. E.I. du Pont de Nemours & Co.*, 955 F. Supp. 711, 722 (S.D. Tex. 1996). Doohan does not even identify or address this standard, much less point to evidence in the summary judgment record that ExxonMobil somehow concealed its identity as her employer, or misled Doohan. As a result, Doohan's estoppel argument fails.

Third, Doohan suggests that her failure to name ExxonMobil in her EEOC charge should be excused because she "filed her EEOC charge without [the] benefit of counsel." Dkt. 26 at 13. The Fifth Circuit has expressly rejected Doohan's argument, stating that neither "a plaintiff's unfamiliarity with the legal process nor [her] lack of representation during the applicable filing period" excuse a plaintiff's failure to name her employer in an EEOC charge. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Just last year, I summarily dismissed the same "lack of representation" argument Doohan raises here. *See Reuter*, 2022 WL 784474, at *5. My words in *Reuter* are equally applicable in this case:

> [Doohan's] lack of representation . . . [does not] make [her] immune from the administrative prerequisites of bringing suit in federal court. The EEOC charge specifically asked [Doohan] to identify the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency [she] believed discriminated against [her]. . . . [Doohan] listed [EMRE] as the sole entity. Then, [Doohan] signed the EEOC charge under oath, attesting to the truthfulness of the statements contained in the charge. [She] cannot now shift blame . . . for [her] own failure to include [ExxonMobil] as a named party.

*Id.* (cleaned up).

9

Fourth and finally, Doohan asserts that "the Fifth Circuit has adopted the practice of deeming EEOC charges" to "include such facts and claims as could reasonably be expected to be established during an extensive investigation by the EEOC" and "[t]he identity of ExxonMobil as [Doohan's employer] would surely be one of such facts." Dkt. 26 at 14. The Fifth Circuit's "generous exhaustion standard" does not save Doohan from failing to identify ExxonMobil in the EEOC charge. *Stingley v. Watson Quality Ford*, 836 F. App'x 286, 291 (5th Cir. 2020). The generous exhaustion standard applies when determining whether a *claim* has been exhausted. It is not the correct standard for determining whether claims have been exhausted as to an *employer*. As I explained in *Reuter*:

> The purpose of requiring a plaintiff to identify each party who allegedly engaged in discrimination or retaliation in a charge before the EEOC is two-fold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates [Title VII and] the ADA's primary goal of securing voluntary compliance with its mandates.

*Reuter*, 2022 WL 784474, at *4 (dismissing plaintiff's claims against his employer—an ExxonMobil subsidiary—because plaintiff failed to name the entity in his charge and failed to establish that a judicially recognized exception applied).

In summary, Doohan should have named ExxonMobil in her EEOC charge as her employer. Her failure to do so is not a mere technical defect that can be ignored. By not identifying ExxonMobil in her EEOC charge, Doohan failed to exhaust her administrative remedies as required under Title VII and the ADA. Her claims against ExxonMobil in this lawsuit must, therefore, be dismissed.

### C.   SUMMARY JUDGMENT IS ALSO PROPER ON THE MERITS

As noted, summary judgment is proper because (1) EMRE was not Doohan's employer, and (2) Doohan failed to name ExxonMobil in her EEOC charge. But summary judgment is also proper on the merits, and I will explain why, briefly.

#### 1.   *Doohan's Discrimination Claims Fail*

Doohan brings three different discrimination claims—sex, pregnancy, and disability. Absent direct evidence of discrimination, each of these claims falls under

the *McDonnell Douglas* burden shifting framework. For each claim, Doohan must first establish a prima facie claim of discrimination by showing that: (1) she has a disability or was a member of a protected class (here, pregnant and female); (2) she was qualified for her position; and (3) she was subject to an adverse employment action on account of her disability or protected status. *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 695–97 (5th Cir. 2014) (ADA); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) ("A claim brought under the [Pregnancy Discrimination Act] is analyzed like any other Title VII discrimination claim."); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (same). ExxonMobil must then produce a legitimate nondiscriminatory reason for the adverse employment action. *See Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000). Once ExxonMobil produces a legitimate nondiscriminatory reason, the presumption of discrimination disappears and Doohan must point to "evidence that [ExxonMobil]'s reasons were a pretext for unlawful discrimination." *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Doohan ultimately bears the burden of persuading the trier of fact that ExxonMobil intentionally discriminated against her because of her protected status.

### (a) Doohan Cannot Show that She Was Disabled

ExxonMobil argues that Doohan cannot establish a prima facie disability discrimination claim because she cannot establish that she was disabled. Disability is assessed at the time of the adverse employment action. *See Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021) ("Because Jennings has not pointed to evidence showing that she had a disability at the time of her July 12 termination, she cannot establish a prima facie claim of disability discrimination."). "The majority of federal courts hold that absent unusual circumstances, pregnancy-related medical conditions do not constitute a disability." *Reproduction and infertility*, 1 DISABILITY LAW COMPLIANCE MANUAL § 1:9 n.6 (2022); *see also Villarreal v. J.E. Merit Constructors, Inc.*, 895 F. Supp. 149, 152 (S.D. Tex. 1995) ("Based upon [the EEOC's interpretive guidance on Title I of the

ADA], this Court concludes that pregnancy and related medical conditions do not, absent unusual circumstances, constitute a 'physical impairment' under the ADA. Therefore, pregnancy and related medical condition are not 'disabilities' as that term is defined by the ADA."). Doohan does not argue that she had any disability other than pregnancy. Thus, Doohan's disability discrimination claim fails because she cannot establish that she was disabled.[1]

### (b) Doohan Has Not Identified Similarly Situated Employees

The causal nexus of discrimination claims is usually satisfied by showing that the plaintiff "was replaced by someone outside the protected class, or, in the case of disparate treatment, . . . that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001) (quotation omitted). ExxonMobil argues that Doohan's "duties were absorbed by other employees, which is insufficient to meet her prima facie burden." Dkt. 25 at 31; *see also Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) ("An employee has not been replaced when his former duties are distributed among other co-workers."). Yet, Doohan perplexingly argues: "Defendants admit at page 23 of its Motion that Plaintiff was replaced by other employees on her team. The other employees were not on pregnancy leave so would satisfy element 4." Dkt. 26 at 15. But the evidence shows that Doohan's duties were *absorbed*, not that Doohan was replaced. *See* Dkt. 25-1 at 369 ("ExxonMobil did not hire anyone to fill Doohan's role. Instead, Doohan's job duties were absorbed by other employees."). Accordingly, Doohan cannot show that she was replaced by anyone, much less someone outside her protected class.[2]

---

[1] In her response, Doohan addresses her discrimination claims in bulk and states only that Defendants "have disputed element (4)." Dkt. 26 at 15. Doohan does not respond to ExxonMobil's argument that she was not disabled at the time of termination. She has thus waived any argument to the contrary.

[2] ExxonMobil also argues that Doohan cannot establish that any male or non-pregnant employees were treated more favorably. In her response, Doohan states that she "was treated less favorably than similarly situated employees," Dkt. 26 at 15, but she points to

12

### 2. *Doohan's Retaliation Claims Fail*

All retaliation claims require a showing that the plaintiff engaged in a protected activity. Doohan claims that she "had engaged in clearly protected activity in electing to take the various leave alternatives available to her." Dkt. 26 at 18. Specifically, Doohan claims that "her full pregnancy leave, but also her full parental paid time off, plus [her] PTO and vacation days," were a protected activity. *Id.* "Taking such leave, however, does not amount to activity protected under the ADA because it in no way reflects opposition to any act or practice made unlawful under the ADA." *Johnson v. JP Morgan Chase Bank, N.A.*, 293 F. Supp. 3d 600, 609 n.8 (W.D. La. 2018) (collecting cases holding that requests for leave are not a protected activity under the ADA). Accordingly, Doohan cannot establish a prima facie claim of retaliation under the ADA.

### 3. *Doohan's Failure to Accommodate Claims Fail*

Doohan did not plead failure to accommodate in her complaint, but the parties have fully briefed the issue as if she did, so I will rule on it anyway, keeping in mind that summary judgment is already warranted due to Doohan's failure to correctly identify her employer in her EEOC charge.

To make out a prima facie failure to accommodate claim, Doohan must show that: "(1) [she] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by [ExxonMobil]; and (3) [ExxonMobil] failed to make reasonable accommodations for such known limitations." *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (cleaned up). Doohan argues that she asked to "return to work on Labor Day 2020" (Dkt. 26 at 18), but when Jasek told Doohan that she could not come back part-time, she "stayed out until [her] vacation . . . was used up." Dkt. 26-1 at 3. According to Doohan, she "could have returned to work at least on a part time basis as a reasonable accommodation to establish a 2020 record of high post-pregnancy performance." Dkt. 26 at 19.

---

no summary judgment evidence in support of this argument. This conclusory statement cannot carry Doohan's burden to establish a prima facie discrimination claim.

Doohan believes that "she could have sought a reasonable accommodation of being allowed to complete her [PDS] which would then have delayed the MLRP process while she demonstrated her post-pregnancy performance capabilities." *Id*. This argument fails because, by Labor Day 2020, Doohan was no longer disabled. As ExxonMobil points out, "by October 2020, Doohan had been cleared to work with no restrictions for two months. Therefore, any alleged actions in this time frame cannot support a failure to accommodate claim" because Doohan was no longer disabled. Dkt. 28 at 11 (citations omitted); *see Rodriguez v. Phillips 66 Co.*, No. 3:19-CV-00209, 2021 WL 2942234, at *4 (S.D. Tex. June 4, 2021) (finding that plaintiff was not disabled, in part, because he had been cleared to return to work). Accordingly, Doohan cannot make out a prima facie failure to accommodate claim.

## CONCLUSION

For all the reasons stated above, I recommend that Defendants' Motion for Summary Judgment (Dkt. 25) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 10th day of May 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE